UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

In Re:

SEPHORA K. DAVIS,

                Petitioner.

DECISION AND ORDER

20-CV-6557 (CJS)

_____

      Petitioner Sephora K. Davis ("Petitioner") filed the instant petition for enforcement of her rights under the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771. Pet., Jul. 30, 2020, ECF No. 2. While her petition was pending, Petitioner also moved this Court to issue a "material witness warrant" directing the government to locate and arrest an individual named Ashley Baker, and transport her to the Court to give testimony about a statement she made to police in 2004. Mot., ¶ 18, Feb. 1, 2021, ECF No. 10. The United States ("the government") has filed a motion to dismiss the petition and opposes Petitioner's application for a material witness warrant. Mot. to Dismiss, Sept. 29, 2020, ECF No. 5; Mem. in Opp., Feb. 19, 2021, ECF No. 13.

      For the reasons set forth below, Petitioner's motion for a material witness warrant [ECF No. 10] is denied, the government's motion to dismiss [ECF No. 5] is granted, and the petition [ECF No. 2] is dismissed. Petitioner's motion to seal [ECF No. 1], is granted with respect to Petitioner's medical records at Exhibit E of her Petition [Ex. E, Jul. 30, 2020, ECF No. 2-6], but denied with respect to all other documents in this case. The Clerk of Court is therefore directed to unseal all records on the docket except for Exhibit E of the petition (ECF No. 2-6), and close this case.

BACKGROUND

The Court summarized much of the procedural history of this case in a decision and order dismissing Petitioner's habeas application in 2012 as time-barred:

> This case has a long and torturous history through the state and federal court systems beginning in October 2004, when Petitioner was indicted by a New York State grand jury on two counts of Kidnap[p]ing in the First Degree, one count of Robbery in the First Degree, one count of Robbery in the Second Degree, and one count of Burglary in the First Degree. Resp't Decl. in Supp. of the Mot. to Dismiss ¶ 3 ("Resp't Decl."). On October 20, 2006, Petitioner plead guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to attempted First Degree robbery and was sentenced on January 3, 2007, to 3 ½ years in state prison and 2 ½ years of post-release supervision. Resp't Mem. of Law in Supp. of Mot. to Dismiss 1. Petitioner's appeal has never been perfected due to what she described as impossibility of relief. Pet. ¶ 9.
>
> On May 17, 2006, while her indictment was still pending, Petitioner filed a petition pursuant to New York Civil Procedure Law and Rules, Article 78, in the New York Supreme Court, Appellate Division, Fourth Department ("Fourth Dept.") claiming her October 2004 indictment was based on perjured testimony and seeking a writ prohibiting the District Attorney from prosecuting her. *Id*. at ¶ 15; *Matter of Davis v. Kohout*, 35 A.D.3d 1173 (4th Dept. 2006). The Fourth Dept. dismissed her petition as moot on December 22, 2006, based on her guilty plea. *Matter of Davis*, 35 A.D.3d at 1173–74. On March 27, 2007, the New York Court of Appeals held "[o]n the Court's own motion, appeal dismissed, without costs, upon the ground that the issues presented have become moot. Motion for leave to appeal dismissed upon the ground that the issues presented have become moot." *Matter of Davis v. Kohout*, 8 N.Y.3d 903 (2007). The United States Supreme Court denied a petition for certiorai on October 1, 2007. *Davis v. Kohout*, 552 U.S. 826 (2007).
>
> In October 2005, while her indictment was still pending, Petitioner brought a habeas corpus proceeding to this Court claiming, as she had in the State petition, that her October 2004 indictment was based on perjured testimony. Pet. ¶ 16. Sometime in March 2006, Petitioner withdrew that petition. *Id*. On February 15, 2008, John M. Regan, Jr., Esq., brought a habeas corpus petition seeking Petitioner's release. *Id*. On May 29, 2008, the Honorable David G. Larimer of this Court dismissed the petition for lack of jurisdiction as John M. Regan, Jr., the named petitioner, had not filed the action as Petitioner's "next friend." Decision and Order at 3, *Regan v. Fischer*, No.

> 08–CV–6071, ECF No. 6 (W.D.N.Y. May 29, 2008).
>
> On April 22, 2009, Petitioner moved the Fourth Dept. for a "writ of error coram nobis due to a fraud having been perpetrated upon the Court," seeking a summary reversal of Petitioner's conviction, and granting an order "forever prohibiting Respondent [District Attorney] Moran, or any successors or assigns from criminally prosecuting [Petitioner] and dismissing that indictment with prejudice." Resp't Decl. ¶ 8. The Fourth Dept. denied the motion on June 5, 2009. *Davis v. Kohout*, 63 A.D.3d 1670, 2009 WL 1575529 (4th Dep't. June 5, 2009). On October 2, 2009, the Fourth Dept. dismissed the motion for reargument, clarification or leave to appeal to the Court of Appeals. *Davis v. Kohout*, 66 A.D.3d 1498 (4th Dep't. Oct. 2, 2009).
>
> On December 17, 2009, Petitioner moved the Fourth Dept. to vacate its December 22, 2006, decision to dismiss the Article 78 proceeding. Resp't Decl. ¶ 9. The Fourth Dept. denied that motion on January 21, 2010. Id. Petitioner filed the pending § 2254 petition on March 16, 2012. Pet. ¶ 27. In her petition, she contends that her indictment and conviction were obtained through perjured testimony and violated her right to due process. Resp't Decl. ¶ 12.

*Davis v. Evans*, No. 12-CV-6135-CJS, 2012 WL 3560817, at *1–2 (W.D.N.Y. Aug. 16, 2012) (footnotes omitted). Petitioner subsequently filed two motions to alter the judgment against her in the habeas action, but the Court struck the motions, and declined to hear any further argument from Petitioner. *Davis v. Evans*, No. 12-CV-6135-CJS, 2014 WL 5529509, at *1 (W.D.N.Y. Nov. 3, 2014).

Petitioner is now before the Court on a petition for enforcement of the Crime Victim's Rights Act ("CVRA") pursuant to 18 U.S.C. § 3771. Petitioner alleges that numerous individuals acting under the color of state law conspired to manufacture false evidence and suborn perjury to convict and imprison her, and in the process subjected her to both aggravated sexual abuse and attempted aggravated sexual abuse. Pet. at ¶ 2. Petitioner's attorney summarized her criminal allegations as follows:

a) that the Petitioner was raped at knife point by an individual named Eric Harder at about 5:30 on December 8th, 2003

b) that she was thereafter drugged to the point of unconsciousness, whereupon Harder and two other men used her car, with her in it, to carry out an armed robbery at about 4 AM December 9th

c) that then Mount Morris, NY police officer Dana Carson and then Livingston County District Attorney (now New York State Supreme Court Justice!) Tom Moran, among others, thereafter conspired to - and did in fact - fabricate evidence, suborn perjury, coerce witnesses and otherwise falsify evidence, all intended to implicate the Petitioner as "the driver" for the 4 AM December 9th robbery

d) that Carson, Moran, and other state actors thereafter succeeded in using the evidence they themselves had falsified, the law enforcement and judicial apparatus of the state to convict the Petitioner of that crime and imprison her

e) that this was a deliberate and intentional deprivation of the Petitioner's right to due process of law guaranteed to her under the United States Constitution.

f) that this conduct by Moran, Carson and any other persons involved constituted an offense under 18 U.S.C. § 241 and § 242 that is death penalty eligible and has no statute of limitations, and of which the Petitioner is the victim.

Decl. in Opp., ¶ 2, Oct. 9, 2020, ECF No. 6.

By Petitioner's own account, her knowledge of the events constituting the alleged crimes against her "is limited because I was violently raped at knife point and subsequently drugged and incapacitated while many of the crucial events took place . . . and even *that* I know only because my attorney has told me." Pet.'s Aff., ¶ 2, Jul. 30, 2020, ECF No. 2-1 (emphasis in original). Despite her attorney's requests of federal prosecutors and FBI agents that they conduct a criminal investigation and prosecute those who committed crimes against her, she acknowledges that only "a very cursory

4

investigative effort" was made by the FBI and the Department of Justice to look into her allegations and that the United States Attorney's Office advised her that further attention to her claims was "doubtful." Pet. at ¶ 4 n.1. Petitioner's counsel states that the government has declined to undertake a prosecution or even a full investigation. Decl. in Opp. at ¶ 2. The government has moved to dismiss the petition for failure to state a claim.

LEGAL STANDARD

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). For instance, an action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual

5

conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). Nevertheless, Rule 12(b)(6) does not impose a probability requirement: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Twombly,* 550 U.S. at 556 (citation omitted).

## DISCUSSION

Petitioner maintains that her rights under CVRA provisions 18 U.S.C. § 3771(a)(5) and (a)(8) have been violated. She states that the CVRA "does appear to give the Petitioner a statutory right to be respectfully heard by a federal prosecutor and to be treated with dignity before th[e] discretion [to prosecute or not prosecute a crime] is exercised, and to have recourse to a federal court to make a record and receive at least some judicial recognition when that has not occurred. That is all Petitioner is seeking." Pet. at ¶ 71.

The government, on the other hand, maintains that Petitioner "fails to set forth a claim upon which relief can be granted because [she] fails to plead sufficient facts that would trigger the application of the CVRA with respect to the alleged crime" against her. Mem. in Support, 11, Sept. 29, 2020, ECF No. 5-1. Alternatively, the government argues that the Court is powerless to grant the relief requested in the petition, and the petition is moot because Petitioner has already received all relief to which she is entitled. *Id.* at 13–16. The Court agrees with the government that the petition fails to state a claim under the CVRA, and that even if a claim has been stated, Petitioner has already been afforded the rights she is entitled to under the Act.

6

The Crime Victim's Rights Act, 18 U.S.C. § 3771

The Crime Victims' Rights Act "guarantees to the victims of federal crimes an array of substantive and participatory rights." *In re Rendon Galvis*, 564 F.3d 170, 174 (2d Cir. 2009). These rights are enumerated in subsection (a) of the Act, and include, *inter alia*, "[t]he reasonable right to confer with the attorney for the Government in the case," and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(5), (a)(8). The Act further provides that, "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Similarly, "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)." 18 U.S.C. § 3771(c)(1). Where, as in the instant case, no prosecution is underway, a victim of a federal crime may seek to enforce her rights "in the district court in the district in which the crime occurred." 18 U.S.C. § 3771(d)(3).

Notwithstanding the victim's statutory rights, however, the Act expressly states that nothing in the CVRA "shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). *See also*, *United States v. Rubin*, 558 F. Supp.2d 411, 418 (E.D.N.Y. 2008) ("the CVRA, for the most part, gives victims a voice, not a veto").

The Instant Petition

In the present case, the Petitioner admits that she has communicated her allegations to the government and that her attorney has had "a brief in-person meeting" with a government prosecutor (Pet. at ¶ 4, n.1), that the government has undertaken a cursory investigation (Pet. at ¶ 4), and that the government declines to pursue a prosecution (Resp. in Opp. At ¶ 2). Given these facts, the government argues that "[b]ecause no charges have been filed and no proceedings have been held [regarding the crimes alleged by Petitioner], the CVRA is simply inapplicable here, and no rights that Petitioner may have under the CVRA would attach." Def. Mem. in Support at 10. In particular, the government notes that Petitioner's "reasonable right to confer with the attorney for the Government in the case" under 18 U.S.C. § 3771(a)(5) cannot apply in the present case, because no attorney has been specifically assigned. *Id.* Similarly, the government argues that because there is no "court proceeding involving an offense against" Petitioner underway, and because the United States is not presently engaged in "the detection, investigation, or prosecution of [a] crime" against Petitioner, she has no rights under the CVRA to enforce. Def. Mem. in Support at 11. In short, the government suggests that Petitioner has failed to allege that she is a "crime victim" under the CVRA. The Court agrees.

The Court finds the Second Circuit's decision in *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) ("*Attica*") to be instructive with respect to the Court's power in cases such as this, in which a private citizen seeks to enforce her rights based on an alleged offense which the government has declined to prosecute. In

8

*Attica*, plaintiffs sought mandamus to compel the United States Attorney to investigate and prosecute state officers at the facility for alleged violations of 18 U.S.C. § 241 and § 242. *Id.* at 379. The Second Circuit noted at the time that:

> [F]ederal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made . . . .
>
> The primary ground upon which this traditional judicial aversion to compelling prosecutions has been based is the separation of powers doctrine.
>
> * * *
>
> . . . In the absence of statutorily defined standards governing reviewability, or regulatory or statutory policies of prosecution, the problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming "superprosecutors." . . . .
>
> Nor is it clear what the judiciary's role of supervision should be were it to undertake such a review. At what point would the prosecutor be entitled to call a halt to further investigation as unlikely to be productive? . . . . How much judgment would the United States Attorney be allowed?

*Inmates of Attica Corr. Facility*, 477 F.2d at 379–81.

Recently, the Eleventh Circuit raised similar issues in a case, like this one, in which a private individual initiated an independent action to enforce her rights under the CVRA. As the Eleventh Circuit pointed out, "the very first determination that a court must make when asked to enforce the CVRA is whether the party seeking the Act's benefit is a 'crime victim.'" *In re Wild*, 994 F.3d 1244, 1261 (11th Cir. 2021) (citing 18 U.S.C. § 3771(a)). As the CVRA defines the term, a "'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2).

9

Accordingly, an individual asserting rights under the CVRA must demonstrate to the court that a federal offense[1] has occurred, and that she was harmed thereby. *In re Wild*, 994 F.3d at 1261.

The appellate court went on to note that if an individual asserts her CVRA rights outside the context of a pre-existing criminal proceeding:

> [T]he court would first have to determine—but this time without any initial determination by the government in the form of a charging decision and, indeed, presumably while the government's investigation remains ongoing—whether or not a "Federal offense" has been committed. That scenario—which is a necessary consequence of [petitioner]'s interpretation—presents at least three intractable problems.
>
> First, and most obviously, that reading puts the cart before the horse: When else, if ever, is a court called on to decide whether an "offense" (i.e., a crime) has occurred—as opposed to a moral wrong more generally—before the government has even decided to press charges? The answer, so far as we are aware, is never. Second, how, in the absence of a charging decision, would the court even go about ascertaining whether an "offense" had occurred? What would that proceeding look like? A mini- (or perhaps not-so-mini-) trial in which the court finds facts and makes legal determinations regarding an "offense" yet to be named? Finally, and in any event, it seems obvious to us that simply by conducting such a proceeding and by concluding (up front) that an "offense" has—or hasn't—occurred, the court would not only exert enormous pressure on the government's charging decisions, but also likely frustrate the government's ongoing investigation. The "impair[ment]" of prosecutorial discretion would be palpable.

*In re Wild*, 994 F.3d at 1261–1263 (citations and footnotes omitted). Based, in part, on this logic, the Eleventh Circuit ultimately held that "the CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights

---

[1] As is evident from the definition of "crime victim" in the CVRA, the term "offense" is commonly used interchangeably with the term "crime." *See, e.g., Torres v. Lynch*, 136 S. Ct. 1619, 1621 (2016) ("Because Congress lacks general constitutional authority to punish *crimes*, most federal *offenses* include a jurisdictional element to tie the substantive *crime* to one of Congress's enumerated powers.") (emphasis added). *See also*, OFFENSE, Black's Law Dictionary (11th ed. 2019) (quoting 22 C.J.S. Criminal Law § 3, at 4 (1989) ("The terms 'crime,' 'offense,' and 'criminal offense' are all said to be synonymous, and ordinarily used interchangeably.")

outside the confines of a preexisting proceeding." *Id.* at 1269.

In the present case, the government maintains that the Petitioner has failed to state a claim because she has failed to demonstrate that a federal offense has occurred. The Court agrees with the government's argument. The Second Circuit has made clear that "individual judges, cloaked with the authority granted by Article III of the Constitution, are not . . . . prosecutorial gatekeepers who may override the government's constitutional exercise of charging discretion in the name of justice." *In re United States*, 945 F.3d 616, 627 (2d Cir. 2019), *cert. denied sub nom. Manzano v. United States*, 141 S. Ct. 658 (2020) (citing, *inter alia*, *United States v. Batchelder*, 442 U.S. 114, 124 (1979)). Indeed, as the Supreme Court has explained:

> The Attorney General and United States Attorneys retain "broad discretion" to enforce the Nation's criminal laws . . . . They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed." U.S. Const., Art. II, § 3; *see* 28 U.S.C. §§ 516, 547. As a result, "[t]he presumption of regularity supports" their prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926).

*United States v. Armstrong*, 517 U.S. 456, 464 (1996). The Court declines to find that a federal offense occurred where Petitioner admits that her attorney has been in contact with the United States Attorney, that a preliminary investigation was conducted by the FBI and Department of Justice, and that the government thereafter declined to prosecute the alleged offenders. To find otherwise would exceed the bounds of the Court's powers under the Constitution and the CVRA itself. *See Jordan v. Dept. of Justice*, 173 F. Supp.3d 44, 54 (S.D.N.Y. 2016) ("the CVRA bars this Court from second guessing the

Government's prosecutorial decisions").

Further, even if Petitioner were able to overcome the "federal offense" obstacle, the Court is also inclined to agree with the government's statement that Petitioner has been afforded all the rights to which she would be entitled as a "crime victim" under the CVRA. Petitioner alleges that she was denied of two rights under the CVRA: "[t]he reasonable right to confer with the attorney for the Government in the case," and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(5), (a)(8). Yet Petitioner admits that her attorney has conferred with an assistant United States Attorney on the matter and that the FBI and Department of Justice have investigated her allegations, and makes no allegations that the government has taken affirmative action to deny her dignity or violate her privacy. Although Petitioner suggests that, in addition to the above-mentioned rights, she is also entitled "to have recourse to a federal court to make a record and receive at least some judicial recognition when [a prosecution] has not occurred," the Court finds no basis in the statute or the caselaw for that proposition. Pet. at ¶ 71.

Lastly, because the Court finds that Petitioner has failed to state a claim upon which relief may be granted, and declines to act as a "superprosecutor" regarding Petitioner's allegations, her motion for a material witness warrant [ECF No. 10] is denied as moot.

CONCLUSION

For the reasons explained above, the Court finds Petitioner has failed to state a claim upon which relief may be granted. Accordingly, it is hereby,

ORDERED that Petitioner Sephora Davis' motion to seal [ECF No. 1] is granted with respect to Exhibit E to the Petition (ECF No. 2-6), but denied with respect to all other records in this case; and it is further

ORDERED that the government's motion to dismiss the petition for failure to state a claim [ECF No. 5] is granted; and it is further

ORDERED that Petitioner Sephora Davis' motion for a material witness warrant [ECF No. 10] is denied as moot; and it is further

ORDERED that Petitioner Sephora Davis' petition for relief under the Crime Victims' Rights Act [ECF No. 2] is dismissed.

The Clerk of Court is directed to unseal all records in this case except for Exhibit E to the Petition (ECF No. 2-6), and thereafter to close this action.

SO ORDERED.

Dated: June 28, 2021
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge